**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4171**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VASHON JUAN SIGLER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:99-cr-00051-CCE-1)

_____

Submitted:  August 18, 2022                              Decided:  August 22, 2022

_____

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vashon Juan Sigler appeals the district court's judgment revoking his supervised release and sentencing him to one year and one day of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking Sigler's supervised release and whether Sigler's sentence is plainly unreasonable. The Government has declined to file a brief. Although notified of his right to file a pro se supplemental brief, Sigler has not done so. We affirm.

First, Sigler's counsel questions whether the district court abused its discretion by revoking Sigler's supervised release. We review the district court's revocation of supervised release for abuse of discretion and its factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (cited in *Dennison*, 925 F.3d at 191). Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing from which the district court could conclude that Sigler committed new criminal conduct by committing assault on a female.

Next, Sigler's counsel questions whether Sigler's sentence is reasonable. "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v.*

2

*Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

We conclude that the sentence is procedurally and substantively reasonable. The district court imposed a within-policy-statement-range sentence, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Specifically, the court recounted Sigler's continued employment, lack of violations in over four years, continued drug use, and its effect on his relationship with his wife.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Sigler, in writing, of the right to petition the Supreme Court of the United States for further review. If Sigler requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sigler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*